Filed 3/24/17

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CAMILLO BONOME, JR., | |
| Plaintiff and Respondent, | E064925 |
| v. | (Super.Ct.No. RIC1314234) |
| CITY OF RIVERSIDE et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Sharon J. Waters, Judge.
Affirmed.

Liebert Cassidy Whitmore, J. Scott Tiedemann and Christopher S. Frederick for
Defendants and Appellants.

Law Office of Michael A. Morguess and Michael A. Morguess for Plaintiff and
Respondent.

Jones & Mayer, Martin J. Mayer and Paul R. Coble for California State Sheriffs'
Association and California Police Chiefs' Association as Amicus Curiae on behalf of
Defendants and Appellants.

1

Defendants and appellants City of Riverside (City) and Riverside Police Chief Sergio Diaz appeal the grant of the petition for writ of mandate (Writ) filed by plaintiff and respondent Camillo Bonome, Jr.

Bonome had been employed as a Riverside Police Officer since 1995. On May 21, 2013, a Memorandum of Finding was sustained against Bonome for failing to properly investigate and report an incident involving a sexually abused girl in June 2012. Chief Diaz recommended Bonome be terminated. Prior to the hearing on his termination, Bonome applied for and was granted disability retirement by CalPERS for a back injury he sustained while on duty.

Upon his disability retirement being effective, Bonome requested his retirement identification badge and that the badge include a Carry Concealed Weapon (CCW) endorsement. Bonome's request was denied because Chief Diaz and the City did not consider him to be "honorably retired" as that term is defined in Penal Code section 16690. The City and Chief Diaz stated he was not entitled to a hearing to dispute the finding. Bonome filed the Writ contending he was honorably retired and entitled to a CCW endorsement, and if the endorsement was denied for cause, he was entitled to a good cause hearing. The trial court agreed and granted the Writ.

On appeal, the City and Chief Diaz insist the trial court erred when it determined Bonome was "honorably retired" within the meaning of Penal Code section 16690 based

2

only on the plain language of the statute and without reviewing the legislative history. This interpretation leads to an absurd result.[1]

We uphold the trial court's grant of the Writ. The City and Chief Diaz may deny the CCW endorsement for cause but Bonome is entitled to a good cause hearing if it is denied.

## FACTUAL AND PROCEDURAL HISTORY

A.      <u>INVESTIGATION OF BONOME AND RECOMMENDATION</u>

Bonome was hired as a police officer by the City on April 14, 1995, and was authorized to carry a concealed weapon on and off duty as a peace officer as defined in Penal Code section 830.1[2]

According to the Memorandum of Finding prepared by the Riverside Police Department after its investigation, on June 7, 2012, Bonome was dispatched to a residence to investigate a report of sexual abuse of a 14-year-old girl. Bonome had investigated claims of abuse by the same girl in 2010 but the accusations were determined to be unfounded because she would not disclose the abuse. On June 7, Bonome spoke with the girl at a friend's house. She told Bonome she was being sexually abused by her 16-year-old brother and her mother physically abused her. She did not want to return to her home because she feared they would take her to Mexico before she could receive help.

---

[1] The California State Sheriffs' Association and the California Police Chiefs' Association have filed an amicus curie brief raising the same arguments.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

3

Notwithstanding these expressed fears, Bonome took the girl back to her home. Bonome told the girl's mother that he had contacted child protective services (CPS). Bonome did not file a police report. The following day, CPS contacted Bonome's supervisor expressing concern that the girl was returned to her home. Another Riverside Police Department detective arrested the 16-year-old brother who admitted he had been sexually abusing the girl since 2010.

On October 10, 2012, Bonome suffered an on-duty back injury.

An internal affairs investigation was conducted regarding the June 7 incident. A Memorandum of Finding was issued on May 21, 2013, sustaining a finding that Bonome had failed to properly investigate and prepare a police report.

On May 30, 2013, Chief Diaz reviewed the report and found "Regarding this investigation proceed with the disciplinary recommendation of separation from the Riverside Police Department." That same day, Bonome was sent a Notice of Intent to Impose Discipline. It was recommended that his employment with the City be terminated based on the following information: "On June 7, 2012, you failed to properly investigate and complete a police report and a Department of Justice Suspected Child Abuse Form . . . documenting the possible sexual and physical abuse of a minor by members of her family and self-inflicted abuse that was reported to you." Bonome had until June 10, 2013, to respond to the termination recommendation in a proceeding termed a *Skelly*[3]

---

[3] *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194, 215, provides that a public employee has the right to either orally or in written form respond to a recommendation by any authority of discipline.

4

hearing.  Bonome's counsel sought to extend the time for the *Skelly* hearing so that Bonome could complete his industrial disability retirement application for his injured back.

B.    DISABILITY RETIREMENT AND DENIAL OF CCW ENDORSEMENT

On June 25, 2013, Bonome applied for industrial disability retirement.  A letter was prepared by the City indicating, based on its review of Bonome's permanent work restrictions, he was incapacitated for performance of his duties in the position of police officer.  Such injury was sustained in the course of his employment.

Bonome was officially retired from service due to his industrial disability as of August 2, 2013.  The termination proceedings were suspended.

In a letter dated August 29, 2013, the Assistant Chief of the Riverside Police Department Christopher Vicino notified Bonome's attorney that the Department was not issuing a CCW endorsement on Bonome's retirement identification badge because they considered that he was not "honorably retired" within the meaning of section 16690.  He noted that Bonome was served with a notice of intent to terminate on May 31, 2013.  Thereafter, the Department contended, Bonome applied for disability retirement in lieu of termination of his employment.

Chief Diaz stated in a deposition that Bonome would have been terminated had the disability retirement not been approved.

C.    PETITION FOR WRIT OF MANDATE

On December 19, 2013, Bonome filed his Writ seeking to compel the City and Chief Diaz to issue a retirement identification badge bearing a CCW endorsement

5

because he was an honorably retired Riverside Police Officer. In the alternative, if the City and Chief Diaz decided that there was good cause to deny his endorsement, he must be provided with a good cause hearing to challenge the denial.

Bonome argued honorably retired peace officers are permitted to carry a loaded firearm in public pursuant to section 25900. Section 16690 defined "honorably retired" as "'any peace officer who has qualified for, and had accepted, a service or disability retirement." Bonome qualified under section 16990. Further, if he was denied the CCW endorsement, he was entitled to a good cause hearing pursuant to section 26310.

Bonome noted there was an exception in section 16990 that "honorably retired does not include an officer who has agreed to a service retirement in lieu of termination." The language of the statute was clear that his disability retirement qualified him as honorably retired.

On April 17, 2015, the City and Chief Diaz filed opposition to the Writ. The City and Chief Diaz interpreted section 16690 to provide that honorably retired did not include those who accepted retirement in lieu of termination. They alleged Bonome was facing termination and took a disability retirement in lieu of termination. Relying upon the legislative history of section 12027, the antecedent to section 16690, it was clear that the Legislature intended to exclude all who chose to retire in lieu of termination regardless if it was disability or service retirement. The City and Chief Diaz argued, "Reference to legislative history is appropriate in this case because giving literal meaning to the language of the statute would result in absurd consequences that the Legislature did not

6

intend." Since Bonome was not considered honorably retired, he was not entitled to a CCW endorsement or a good cause hearing.

The City and Chief Diaz also filed a request for judicial notice of the legislative materials for Assembly Bill 578 (AB 578), which pertained to section 12027, from which section 16690 was derived.

Bonome filed a response to the opposition. Bonome contended the plain language of section 16690 provided only a person who accepts a service retirement in lieu of termination cannot be considered for a CCW endorsement. Moreover, it was not necessary to review the legislative history as the statute was clear.

D.      <u>TRIAL COURT'S ORDER GRANTING WRIT</u>

The matter was heard on June 12, 2015. The trial court noted it had not issued a tentative opinion but it intended to grant the Writ. The City and Chief Diaz would be ordered either to issue a CCW endorsement or deny it and set a good cause hearing. The trial court took judicial notice of the legislative materials but declined to consider them in reaching its decision, as explained *post*.

The trial court found, "Fascinating little wrinkle, perhaps in the statute, but it couldn't be clearer. The only ones removed from the definition of an honorably discharged or retired officer is somebody who accepts a service retirement in lieu of termination. When the statute in one sentence clearly identifies service or disability retirement, the very next sentence only references service, I don't think it's appropriate to get into legislative intent, that they meant something else. I think all the presumptions

7

are they meant exactly what they wrote, and if that's not what they meant, then it's not my job to add words to the statute."

Counsel for the City and Chief Diaz argued the court was required to look at the legislative history because this was an absurd result. Counsel for Bonome argued that this was not an absurd result because it was not possible to negotiate a disability retirement; "either you are medically retired based on an on-duty injury or you're not."

The trial court noted there was a rational basis for the Legislature to distinguish between disability and service retirements based on the ability to negotiate for a service retirement but there was no such availability for a disability retirement. "Whether that's what the [L]egislature actually intended or not is really beyond me at this point." The trial court noted that it was "loathed" to add words to the statute. Bonome did not fall within the plain language of the statute and it was beyond the trial court's authority to rewrite the statute. The trial court reiterated "I'm not inclined to consider [the legislative materials] because I do not view the statute as ambiguous. It[ i]s clear on its face."

The trial court issued a written order, commanding the City and Officer Diaz within 14 days from the date of the Writ being issued to "(1) issue Petitioner's identification certificate with CCW endorsement; or (2) issue Petitioner an identification certificate noting 'No CCW privilege' and providing Petitioner with a good cause hearing as set forth in the Penal Code to challenge the denial of his CCW privileges." The City and Chief Diaz filed a timely notice of appeal.

**DISCUSSION**

The City and Chief Diaz contend on appeal the trial court erred by considering only the words of section 16990 and refusing to consider the legislative history. They contend the legislative history clearly shows the intent on the part of the Legislature to deny all CCW endorsements for those who retire in lieu of termination whether it be due to disability or a service retirement.

The interpretation of a statute is subject to de novo review on appeal. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916.)

Section 25400 prohibits the carrying of a concealed weapon. Section 25400 does not apply to "Any peace officer, listed in Section 830.1 or 830.2, or subdivision (a) of section 830.33, whether active or honorably retired." (§ 25450, subd. (a).) Section 16690 provides in pertinent part, "'honorably retired' includes any peace officer who has qualified for, and has accepted, a service or disability retirement. As used in those provisions, 'honorably retired' does not include an officer who has agreed to a service retirement in lieu of termination."

"The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] To determine legislative intent, we turn first to the words of the statute, giving them their usual and ordinary meaning." (*Nolan v. City of Anaheim* (2004) 33 Cal.4th 335, 340.) "When the language of a statute is clear, we need go no further." (*Ibid.*) "If the words themselves are not ambiguous, we presume the

9

Legislature meant what it said, and the statute's plain meaning governs." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190.)

The Legislature's chosen language is the most reliable indicator of its intent because "'it is the language of the statute itself that has successfully braved the legislative gauntlet.'" (*California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 338.)

Here, as found by the trial court, the language of the statute is clear. Section 16690 defines honorably retired as any peace officer who has qualified for service or disability retirement. However, it excludes *only* those who accept *service* retirement in lieu of termination. The statute makes clear that those who accept disability retirement are honorably retired under any circumstances.

The City and Chief Diaz argue the Legislature could not have intended this "absurd result," as here, it was clear Bonome sought out the disability retirement because he was notified he was going to be terminated.

"We will not follow the plain meaning of the statute 'when to do so would "frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results."' [Citations.] Instead, we will '"interpret legislation reasonably and . . . attempt to give effect to the apparent purpose of the statute."'" (*MacIsaac v. Waste Management Collection and Recycling, Inc.* (2005) 134 Cal.App.4th 1076, 1083.)

We disagree that the interpretation adopted by the trial court and affirmed herein leads to absurd results. Here, Bonome was not able to negotiate a disability retirement in order to avoid termination; he was either disabled or he was not. Moreover, the

Legislature could have chosen to include both disability and service retirement in lieu of termination in the language of the statute. "But the Legislature did not do so, and we are bound to apply the express definition drafted by the Legislature to the facts of this case." (*MacIsaac v. Waste Management Collection and Recycling, Inc.*, *supra*, 134 Cal.App.4th at p. 1086.) It is up to the Legislature to change the wording of the statute.

Moreover, nothing in the legislative materials supports that the Legislature clearly intended to exclude those who were granted disability retirement from those considered honorably retired. Section 16690 is derivative of former section 12027. (Former § 12027, added by Stats. 1953, ch. 36, § 1.) The Legislature amended section 12027 in 1993 to define the term "honorably retired." (Former § 12027, added by Stats. 1993, ch. 224 (A.B. 578).) In the legislative materials provide by Chief Diaz and the City for A.B. 578, it is repeatedly stated, "It would specifically exclude those who have accepted a service retirement in lieu of termination [or punitive action]" The bill was amended several times but continued to only exclude those who agreed to a service retirement in lieu of termination or punitive action. This language makes it clear that the only exclusion contemplated by the legislation were those who sought service retirement in lieu of their termination.

The City and Chief Diaz point to other parts of the legislative history that includes language as follows: "This bill would appear to address some level of uncertainty in the matter of retired deputies obtaining their credentials . . . . Although the law presently provides that the honorably retired, for whatever reason, shall be issued an identification, and implies that an endorsement shall be issued except for good cause, the sponsor

11

maintains that credentials are sometimes denied for reasons known only to the department, or are issued merely identifying the individual as a retired county employee with no reference to law enforcement service. This bill would specify that all who have accepted service or disability retirement, **except those who have retired as an alternative to disciplinary action**, shall receive a certificate that clearly bears the identity of the law enforcement agency they served. This is intended to remove any ambiguities which might permit a department to deny retiree status or limit firearm possession without good cause." The City and Chief Diaz insist this language evidences the Legislature's intent to exclude from CCW endorsement all peace officers who retire, either with service credit or due to a disability, in lieu of termination.

This is not indisputable evidence that the Legislature intended to include those who receive disability retirement while termination proceedings are in progress in the exclusion of a CCW endorsement. As stated, a person cannot simply choose to take disability retirement in order to avoid termination. Bonome had been evaluated and it was recommended that be given disability retirement. This was not a retirement in lieu of termination; Bonome was disabled and could not perform his duties as a peace officer.

It should also be remembered that Chief Diaz and the City still have the discretion to deny Bonome his CCW endorsement upon a showing of good cause. (§ 25920.) We express no opinion as to whether there exists such good cause and the issue would have to be resolved at a good cause hearing. (See §§ 26312, 26315, 26320.)

12

## DISPOSITION

The trial court's order granting the petition for writ of mandate is affirmed.

Respondent is awarded his costs on appeal.

CERTIFIED FOR PUBLICATION

MILLER
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.